**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TERRY L. FISH,**

      **Plaintiff,**

**v.**                                                       **Case No.  8:14-cv-919-T-30TBM**

**GEICO INSURANCE and
CREDIT COLLECTION SERVICES,**

      **Defendants.**
                                                      /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 4), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.  While the affidavit reveals that Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the claims asserted in the Complaint are time-barred and therefore I recommend that the Court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Plaintiff reports that he receives $1,202 a month in disability payments.  Although he reports $1,000 in cash and $300 in a checking account, his monthly expenses appear to exceed his income.  He does not own a home, car, or any other assets.  (Doc. 4).

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight."  *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).  "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915" as frivolous.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1997)); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure.  *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40).  However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by

attorneys. *Hughes*, 350 F.3d at 1160 (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

II.

Plaintiff sues GEICO Insurance (GEICO) and Credit Collection Services (CCS) alleging violations of sections 808(1) and 808(3) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*.[2] Plaintiff alleges that, while a citizen of the state of Ohio, he purchased automobile insurance from GEICO for the year 2002-2003. According to Plaintiff, the "cancel date was April 15, 2003." Plaintiff left Ohio and purchased another automobile insurance policy. After that, Plaintiff alleges that he received a notice from CCS on October 20, 2003, that a payment was due in the amount of $91.50, and a status update letter from CCS dated January 27, 2004.[3] Plaintiff alleges he sent letters in 2004 and 2012 requesting an explanation about the alleged debt but he did not receive a response to either. As for his specific claims, Plaintiff contends the Defendants (1) are seeking an "unjustified amount" under section 808(1), and (2) failed to inform him in writing that he had thirty days to dispute the amount under section 808(3). Plaintiff seeks statutory damages under the FDCPA and punitive damages under section 768.73(1)(a)(1) of the Florida Statutes.

III.

---

[2]It appears that Plaintiff filed this suit in state court on April 19, 2012, and then removed it to this Court in April 2014. *See* (Doc. 1).

[3]These correspondences are attached to the Complaint. (Doc. 2 at 3, 4).

3

Even though the Complaint is construed liberally in Plaintiff's favor, I find that the action is time-barred and should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The FDCPA prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The FDCPA also requires that a debt collector provide written debt verification information to the consumer, including a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the deb, or any portion thereof, the debt will assumed to be valid by the debt collector."[4] 15 U.S.C. § 1692g(a)(3). To state a claim under the FDCPA claim, a plaintiff must allege that (1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000). An action brought under the FDCPA must be brought within one year of the date on which the alleged violation occurred.[5] 15 U.S.C. § 1692k(d). The FDCPA statute of limitations begins to toll on the day after the letters are mailed. *Maloy v,* 64 F.3d at 608.

In light of the authority above and viewing the allegations in the Complaint in the light most favorable to Plaintiff, I find that the claims are subject to dismissal as untimely.

---

[4]Where, as here, the initial debt collection letter did not provide this information, the debt collector has five days after the initial communication to comply with the requirements of § 1692g. *Maloy v. Phillips*, 64 F.3d 607, 608-09 (11th Cir. 1995).

[5]Plaintiff does not purport to bring a claim under Florida's Consumer Collection Practices Act (FCCPA). In any event, an action under the state FCCPA must be brought within two years of the date on which the alleged violation occurred. Fla. Stat. Ann. § 559.77(4). Any claim Plaintiff may have had under state law is also time-barred.

Here, the statute of limitations has run on any claims asserted by Plaintiff under the FDCPA as against GEICO and CCS on the basis of the letters CCS sent to Plaintiff in October 2003 and January 2004. The violations of the FDCPA alleged by Plaintiff against both Defendants are based solely on these letters from October 2003 and January 2004. Because Plaintiff filed his Complaint in April 2012, more than eight years after he received both correspondences from CCS, the FDCPA's one-year statute of limitations has long since run, and these claims are barred. *See* 15 U.S.C. § 1692k(d). Therefore, Plaintiff's Complaint should be dismissed as untimely and frivolous. While Plaintiff did not have an opportunity to address the statute of limitations, it appears beyond doubt from the Complaint itself that Plaintiff cannot prove any set of facts that would avoid a statute of limitations bar. Thus, amendment would be futile and dismissal is appropriate. *See Hughes,* 350 F.3d at 1163 (quoting *Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1280 (11th Cir. 2001)).

IV.

For the reasons set forth above, I recommend that the court **DISMISS** the Complaint (Doc. 2), **DENY** with prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 4), and direct the Clerk to close this case.

> Respectfully submitted on this
> 22nd day of May 2014.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff