**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TERRY L. FISH,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:14-cv-919-T-30TBM**

**GEICO INSURANCE and**
**CREDIT COLLECTION SERVICES,**

    **Defendants.**
    　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* and Affidavit (Doc. 10).  By his Motion, Plaintiff seeks to appeal the Court's Order (Doc. 7) denying his construed Motion for Leave to Proceed *in forma pauperis*, dated June 3, 2014.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal.  *See Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088 (M.D. Fla. Apr. 10, 2007).  Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> **(A)**　shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)**　claims an entitlement to redress; and

> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> ***
>
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious.  *Id.* at (e)(2)(A), (B).  Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or

that the party previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in good faith.

A procedural overview proves useful. Plaintiff filed suit in state court on April 19, 2012, and "removed" it to this Court in April 2014. (Doc. 1). In his Complaint, Plaintiff alleged that GEICO Insurance (GEICO) and Credit Collection Services (CCS) violated sections 808(1) and 808(3) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*.[1] In support, he alleged that, while a citizen of the state of Ohio, he purchased automobile insurance from GEICO for the year 2002-2003, and the "cancel date [of the policy] was April 15, 2003." Plaintiff alleged that he purchased another automobile insurance policy after leaving Ohio. According to Plaintiff, he later received a notice from CCS on October 20, 2003, that a payment was due in the amount of $91.50, and a status update letter from CCS dated January 27, 2004.[2] Plaintiff alleged that he sent letters in 2004 and 2012 requesting an explanation about the alleged debt but he did not receive a response to either.[3] In a report and recommendation dated May 22, 2014, I recommended that the Court deny Plaintiff's construed motion for leave to proceed *in forma pauperis* on grounds that the claims

---

[1] As for his specific claims, Plaintiff asserted that Defendants (1) sought an "unjustified amount" under section 808(1), and (2) failed to inform him in writing that he had thirty days to dispute the amount under section 808(3). Plaintiff sought statutory damages under the FDCPA and punitive damages under section 768.73(1)(a)(1) of the Florida Statutes.

[2] These correspondences are attached to the Complaint. (Doc. 2 at 3, 4).

[3] Contrary to the assertion in the Complaint, the 2012 letter is not attached to the Complaint.

3

asserted were time-barred.[4]  (Doc. 5).  Plaintiff filed an objection, arguing that the doctrine of equitable tolling applied and thus his claims were not time barred.  (Doc. 6).  After considering Plaintiff's objection, the Court adopted the report and recommendation, denied Plaintiff's motion for leave to proceed *in forma pauperis*, dismissed Plaintiff's Complaint, and directed that the case be closed.  This Motion follows.

Upon consideration, I recommend that Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* and Affidavit (Doc. 10) be **DENIED**.  While the affidavit reveals that Plaintiff likely lacks the resources necessary to pay the appellate filing fee for this action,[5] I find that Plaintiff's Motion should be denied on substantive grounds.  Here, Plaintiff identifies his issue on appeal as "the application of the doctrine of equitable tolling." (Doc. 10 at 1). Thus, while not identified with specificity, Plaintiff seeks to appeal the Order (Doc. 7) of June 3, 2014, denying his motion for leave to proceed *in forma pauperis* and dismissing his Complaint.

---

[4]In the report and recommendation, I found that the statute of limitations had run on any claims asserted by Plaintiff under the FDCPA as against GEICO and CCS on the basis of the letters CCS sent to Plaintiff in October 2003 and January 2004.  In particular, the violations alleged by Plaintiff were based solely on those two letters, and Plaintiff did not file his Complaint until April 2012, more than eight years after he received both correspondences from CCS.  Thus, I concluded that the FDCPA's one-year statute of limitations had run and the claims were time barred under 15 U.S.C. § 1692k(d).

[5]Plaintiff reports that he receives $1,202 a month in disability payments.  (Docs. 4, 10).  His initial affidavit revealed that his monthly expenses exceeded his income.  (Doc. 4). His instant affidavit documents less expenses, which leaves just over $300.00 remaining after bills are paid.  (Doc. 10).  The instant affidavit also reveals that Plaintiff has $30.00 in cash and $20.00 in a checking account.  *See id.*

4

On consideration, I find that the instant Motion is not brought in good faith.[6] Here, Plaintiff contends that his FDCPA claims are not time-barred in light of the doctrine of equitable estoppel. The only explanation of this theory is contained in his objection to the report and recommendation. Therein, Plaintiff conceded that the FDCPA's one-year statute of limitations begins to toll on the day after the letters are mailed, but argued that GEICO's "hiring" of CCS to collect its debt constituted fraud and thus equitable tolling allows his claims to move forward. (Doc. 6). Assuming, *arguendo*, that Plaintiff's FDCPA claims could be subject to equitable tolling,[7] such is appropriate only when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (non-FDCPA case). Plaintiff bears the burden of showing that such extraordinary circumstances exist. *See id.* In this case, Plaintiff alleges no such extraordinary circumstances. Contrary to Plaintiff's assertion, there appears to be nothing fraudulent about GEICO utilizing a debt collection company such as CCS to collect on unsatisfied debts and he does not allege why it is. In any event, Plaintiff does not assert that the alleged fraud prevented him from timely filing suit or rendered doing so beyond his control for eight years.

---

[6]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[7]It appears that the Eleventh Circuit has not expressly addressed the application of equitable tolling in the context of FDCPA claims. Limitations periods, however, are typically subject to equitable tolling unless doing so would be inconsistent with the text of the relevant statute. *See Young v. United States*, 535 U.S. 43, 49 (2002) (citations omitted).

In sum, Plaintiff's summary assertion of equitable tolling and the argument gleaned from his objection to the report and recommendation fail to demonstrate a non-frivolous ground to support an appeal. For these reasons, it is recommended that the Court find and certify that Plaintiff's appeal is frivolous and therefore not taken in good faith. It is recommended further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24. *See* Fed. R. App. P. 24(a)(4) (providing that the district court clerk must immediately notify the parties and the court of appeals when the district court denies a motion to proceed in forma pauperis on appeal and/or certifies that the appeal is not taken in good faith).

                                          Respectfully submitted this
                                          28th day of July 2014.

                                          THOMAS B. McCOUN III
                                          UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff